1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11   GEOFFREY A. SCHAFER,            No. 2:06-cv-01259-MCE-DAD

12           Plaintiff,

13      v.                          PRETRIAL (STATUS) SCHEDULING ORDER

14   BOB ASHWORTH and COUNTY OF EL
     DORADO,

15
             Defendants.
16   _____/

17      After reviewing the parties' Joint Status Report, the Court

18   makes the following Order.

19      I.    SERVICE OF PROCESS

20      All named Defendants have been served and no further service

21   is permitted without leave of court, good cause having been

22   shown.

23      II.   ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

24      No joinder of parties or amendments to pleadings is

25   permitted without leave of court, good cause having been shown.

26      III. JURISDICTION/VENUE

27      Jurisdiction is predicated upon 28 U.S.C. §§ 1331 and 1343.

28   Jurisdiction and venue are not contested.

                                  1

1  IV. DISCOVERY

2   All discovery, with the exception of expert discovery, shall

3 be completed by **October 19, 2007.**  In this context, "completed"

4 means that all discovery shall have been conducted so that all

5 depositions have been taken and any disputes relative to

6 discovery shall have been resolved by appropriate order if

7 necessary and, where discovery has been ordered, the order has

8 been obeyed.  All motions to compel discovery must be noticed on

9 the magistrate judge's calendar in accordance with the local

10 rules of this Court.

11  V. DISCLOSURE OF EXPERT WITNESSES

12   All counsel are to designate in writing, file with the

13 Court, and serve upon all other parties the name, address, and

14 area of expertise of each expert that they propose to tender at

15 trial not later than **December 19, 2007.**[1]  The designation shall

16 be accompanied by a written report prepared and signed by the

17 witness.  The report shall comply with Fed. R. Civ. P.

18 26(a)(2)(B).

19   Within twenty (20) days after the designation of expert

20 witnesses, any party may designate a supplemental list of expert

21 witnesses who will express an opinion on a subject covered by an

22 expert designated by an adverse party.  The right to designate a

23 supplemental expert for rebuttal purposes only shall apply to a

24 party who has not previously disclosed an expert witness on the

25 date set for expert witness disclosure by this Scheduling Order.

26 _____

27   [1] The discovery of experts will include whether any motions
based on <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S.
579 (1993) and/or <u>Kumo Tire Co. v. Carmichael</u>, 119 S. Ct. 1167
28 (1999) are anticipated.

1    Failure of a party to comply with the disclosure schedule as
2  set forth above in all likelihood will preclude that party from
3  calling the expert witness at the time of trial.  An expert
4  witness not appearing on the designation will not be permitted to
5  testify unless the party offering the witness demonstrates: (a)
6  that the necessity for the witness could not have been reasonably
7  anticipated at the time the list was proffered; (b) that the
8  Court and opposing counsel were promptly notified upon discovery
9  of the witness; and (c) that the witness was promptly made
10 available for deposition.

11    For purposes of this scheduling order, an "expert" is any
12 person who my be used at trial to present evidence under Rules
13 702, 703, and 705 of the Federal Rules of Evidence, which include
14 both "percipient experts" (persons who, because of their
15 expertise, have rendered expert opinions in the normal course of
16 their work duties or observations pertinent to the issues in the
17 case) and "retained experts" (persons specifically designated by
18 a party to be a testifying expert for the purposes of
19 litigation).

20    Each party shall identify whether a disclosed expert is
21 percipient, retained, or both.  It will be assumed that a party
22 designating a retained expert has acquired the express permission
23 of the witness to be so listed.  Parties designating percipient
24 experts must state in the designation who is responsible for
25 arranging the deposition of such persons.
26 ///
27 ///
28 ///

1    All experts designated are to be fully prepared at the time

2  of designation to render an informed opinion, and give their

3  bases for their opinion, so that they will be able to give full

4  and complete testimony at any deposition taken by the opposing

5  party.   Experts will not be permitted to testify at the trial as

6  to any information gathered or evaluated, or opinion formed,

7  after deposition taken subsequent to designation.

8    Counsel are instructed to complete all discovery of expert

9  witnesses in a timely manner in order to comply with the Court's

10 deadline for filing dispositive motions.

11    VI.   MOTION HEARING SCHEDULE

12    All dispositive motions, except motions for continuances,

13 temporary restraining orders or other emergency applications,

14 shall be heard no later than **March 19, 2008.**   The parties are

15 responsible for ensuring that all motions are filed to allow for

16 proper notice of the hearing under the Federal Rules of Civil

17 Procedure and/or Local Rules.   Available hearing dates may be

18 obtained by calling Stephanie Deutsch, Deputy Courtroom Clerk,

19 (916) 930-4207.

20    All purely legal issues are to be resolved by timely

21 pretrial motions.   Local Rule 78-230 governs the calendaring and

22 procedures of civil motions with the following additions:

23              (a)   The opposition and reply must be filed by **4:00**

24                    **p.m.** on the day due; and

25              (b)   When the last day for filing an opposition brief

26                    falls on a legal holiday, the opposition brief

27                    shall be filed on the last court day immediately

28                    preceding the legal holiday.

1    Failure to comply with Local Rule 78-230(c), as modified by

2 this Order, may be deemed consent to the motion and the Court may

3 dispose of the motion summarily.  Further, failure to timely

4 oppose a summary judgment motion[2] may result in the granting of

5 that motion if the movant shifts the burden to the nonmovant to

6 demonstrate that a genuine issue of material fact remains for

7 trial.

8    The Court places a page limit of twenty (20) pages on all

9 initial moving papers, twenty (20) pages on oppositions, and ten

10 (10) pages for replies.  All requests for page limit increases

11 must be made in writing to the Court setting forth any and all

12 reasons for any increase in page limit at least fourteen (14)

13 days prior to the filing of the motion.

14    For the Court's convenience, citations to Supreme Court

15 cases should include parallel citations to the Supreme Court

16 Reporter.

17    The parties are reminded that a motion <u>in</u> <u>limine</u> is a

18 pretrial procedural device designed to address the admissibility

19 of evidence.  The Court will look with disfavor upon

20 dispositional motions (except those noted on page 3) presented at

21 the Final Pretrial Conference or at trial in the guise of motions

22 <u>in</u> <u>limine</u>.

23 ///

24 ///

25 ///

26

27    [2] The Court urges any party that contemplates bringing a
motion for summary judgment or who must oppose a motion for
28 summary judgment to review Local Rule 56-260.

1   The parties are cautioned that failure to raise a

2  dispositive legal issue that could have been tendered to the

3  court by proper pretrial motion prior to the dispositive motion

4  cut-off date may constitute waiver of such issue.

5   VII.  <u>FINAL PRETRIAL CONFERENCE</u>

6   The Final Pretrial Conference is set for **June 20, 2008** at

7  **9:00 a.m.**  At least one of the attorneys who will conduct the

8  trial for each of the parties shall attend the Final Pretrial

9  Conference.  If by reason of illness or other unavoidable

10 circumstance a trial attorney is unable to attend, the attorney

11 who attends in place of the trial attorney shall have equal

12 familiarity with the case and equal authorization to make

13 commitments on behalf of the client.

14   Counsel for all parties are to be fully prepared for trial

15 at the time of the Final Pretrial Conference, with no matters

16 remaining to be accomplished except production of witnesses for

17 oral testimony.

18   The parties shall file, not later than **June 6, 2008**, a Joint

19 Final Pretrial Conference Statement.  The provisions of Local

20 Rules 16-281 shall apply with respect to the matters to be

21 included in the Joint Final Pretrial Conference Statement.  In

22 addition to those subjects listed in Local Rule 16-281(b), the

23 parties are to provide the Court with a plain, concise statement

24 that identifies every non-discovery motion tendered to the Court

25 and its resolution.  Failure to comply with Local Rule 16-281, as

26 modified by this Order, may be grounds for sanctions.

27 ///

28 ///

1    At the time of filing the Joint Final Pretrial Conference

2 Statement, counsel shall also electronically mail to the Court in

3 digital format compatible with Microsoft Word or WordPerfect, the

4 Joint Final Pretrial Conference Statement in its entirety

5 including the witness and exhibit lists.  **These documents shall**

6 **be sent to: mceorders@caed.uscourts.gov.**

7    The parties should identify first the core undisputed facts

8 relevant to all claims.  The parties should then, in a concise

9 manner, identify those undisputed core facts that are relevant to

10 each claim.  The disputed facts should be identified in the same

11 manner.  Where the parties are unable to agree as to what

12 disputed facts are properly before the Court for trial, they

13 should nevertheless list all disputed facts asserted by each

14 party.  Each disputed fact or undisputed fact should be

15 separately numbered or lettered.

16    Each party shall identify and concisely list each disputed

17 evidentiary issue which will be the subject of a motion in

18 limine.

19    Each party shall identify the points of law which concisely

20 describe the legal issues of the trial which will be discussed in

21 the parties' respective trial briefs.  Points of law should

22 reflect issues derived from the core undisputed and disputed

23 facts.  Parties shall not include argument or authorities with

24 any point of law.

25    The parties shall prepare a joint statement of the case in

26 plain concise language which will be read to the jury at the

27 beginning of the trial.  The purpose of the joint statement is to

28 inform the jury what the case is about.

1    The parties are reminded that pursuant to Local Rule 16-281

2 they are required to list in the Joint Final Pretrial Conference

3 Statement all witnesses and exhibits they propose to offer at

4 trial.  After the name of each witness, each party shall provide

5 a brief statement of the nature of the testimony to be proffered.

6 The parties may file a joint list or each party may file separate

7 lists.  These list(s) shall not be contained in the body of the

8 Joint Final Pretrial Conference Statement itself, but shall be

9 attached as separate documents to be used as addenda to the Final

10 Pretrial Order.

11    Plaintiff's exhibits shall be listed numerically.

12 Defendants' exhibits shall be listed alphabetically.  The parties

13 shall use the standard exhibit stickers provided by the Court:

14 pink for Plaintiff and blue for Defendant.  In the event that the

15 alphabet is exhausted, the exhibits shall be marked "AA-ZZ" and

16 "AAA-ZZZ" etc.  All multi page exhibits shall be stapled or

17 otherwise fastened together and each page within the exhibit

18 shall be numbered. The list of exhibits shall not include

19 excerpts of depositions, which may be used to impeach witnesses.

20 In the event that Plaintiff and Defendants' offer the same

21 exhibit during trial, that exhibit shall be referred to by the

22 designation the exhibit is <u>first</u> <u>identified</u>.  The Court cautions

23 the parties to pay attention to this detail so that all

24 concerned, including the jury, will not be confused by one

25 exhibit being identified with both a number and a letter.

26 ///

27 ///

28 ///

1    The Final Pretrial Order will contain a stringent standard
2  for the offering at trial of witnesses and exhibits not listed in
3  the Final Pretrial Order, and the parties are cautioned that the
4  standard will be strictly applied.  On the other hand, the
5  listing of exhibits or witnesses that a party does not intend to
6  offer will be viewed as an abuse of the court's processes.
7    Counsel shall produce all trial exhibits to Stephanie
8  Deutsch, the Courtroom Clerk, no later than **3:00 p.m.** on
9  **July 14, 2008.**
10    The parties also are reminded that pursuant to Rule 16 of
11  the Federal Rules of Civil Procedure it will be their duty at the
12  Final Pretrial Conference to aid the Court in: (a) the
13  formulation and simplification of issues and the elimination of
14  frivolous claims or defenses; (b) the settling of facts that
15  should properly be admitted; and (c) the avoidance of unnecessary
16  proof and cumulative evidence.  Counsel must cooperatively
17  prepare the Joint Final Pretrial Conference Statement and
18  participate in good faith at the Final Pretrial Conference with
19  these aims in mind.  A failure to do so may result in the
20  imposition of sanctions which may include monetary sanctions,
21  orders precluding proof, elimination of claims or defenses, or
22  such other sanctions as the Court deems appropriate.
23    VIII. <u>TRIAL SETTING</u>
24    The trial is set for **July 21, 2008 at 9:00 a.m.**  Trial will
25  be by jury.  The panel will consist of **eight (8) jurors**.  The
26  parties estimate a trial length of **six (6) days**.
27  ///
28  ///

9

1      IX.   SETTLEMENT CONFERENCE

2          No settlement conference is currently scheduled.  A

3  settlement conference may be set at the parties' request.  In the

4  event a settlement conference date is requested, the parties

5  shall file said request jointly, in writing.

6          Counsel are instructed to have a principal with full

7  settlement authority present at the Settlement Conference or to

8  be fully authorized to settle the matter on any terms.  At least

9  seven (7) calendar days before the settlement conference, counsel

10 for each party shall submit to the chambers of the settlement

11 judge a confidential Settlement Conference Statement.  Such

12 statements are neither to be filed with the Clerk nor served on

13 opposing counsel.  Each party, however, shall serve notice on all

14 other parties that the statement has been submitted.  If the

15 settlement judge is not the trial judge, the Settlement

16 Conference Statement shall not be disclosed to the trial judge.

17         After the Final Pretrial Conference, the Court will not set

18 a settlement conference.  The parties are free, however, to

19 continue to mediate or attempt to settle the case with the

20 understanding that the trial date is a firm date.

21      X.   VOLUNTARY DISPUTE RESOLUTION PROGRAM

22         Pursuant to Local Rule 16-271 parties will need to lodge a

23 stipulation and proposed order requesting referral to the

24 Voluntary Dispute Resolution Program.

25 ///

26 ///

27 ///

28 ///

1        XI.    MODIFICATION OF PRETRIAL SCHEDULING ORDER

2        The parties are reminded that pursuant to Rule 16(b) of the

3   Federal Rules of Civil Procedure, the Status (Pretrial

4   Scheduling) Order shall not be modified except by leave of court

5   upon a showing of good cause.  Agreement by the parties pursuant

6   to stipulation alone does not constitute good cause.  Except in

7   extraordinary circumstances, unavailability of witnesses or

8   counsel does not constitute good cause.

9        XII. OBJECTIONS TO PRETRIAL SCHEDULING ORDER

10       This Status Order will become final without further order of

11  the Court unless objections are filed within seven (7) *court* days

12  of service of this Order.

13       IT IS SO ORDERED.

14

15   Dated: June 5, 2007

16

17                                 _____
                                   MORRISON C. ENGLAND, JR.
18                                 UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28