UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

GEOFFREY A. SCHAFER,

        Plaintiff,

   v.

EL DORADO COUNTY,
BOB ASHWORTH, an Individual,
and, COUNTY OF EL DORADO,
DOES 1 THROUGH 20.

        Defendants.

No. 2:06-cv-1259-MCE-DAD

MEMORANDUM AND ORDER

    Through the present action, Plaintiff Geoffrey A. Schafer ("Plaintiff") alleges that Bob Ashworth, El Dorado County and Does 1-20 (collectively "Defendants") violated his civil rights under 42 U.S.C. § 1983 while executing a valid search warrant on Plaintiff's home.

    Presently before the Court is Plaintiff's Motion to Amend the Complaint to replace the fictitious Doe defendants with sixteen named defendants from the United States Drug Enforcement Agency, the California Bureau of Narcotics Enforcement,

1

and the El Dorado County Sheriff's Office.[1]  The newly named defendants are: Joe Brock, Brian Keefe, Glen Klages, Joe Lenseigne, Jeff Neiman, John Nolan, Artemis Papadakis, Ray Rodriguez, Gordon Taylor, Mike Cook, Jeff Dreyer, Howard Jenks, Tom Murdock, Mike Sylvestri, Tom Becker, and Ken Brown (collectively "newly-named Defendants").  For the reasons set forth below, Plaintiff's motion is GRANTED.

## BACKGROUND

On September 28, 2001, law enforcement officers from the United States Drug Enforcement Agency, the California Bureau of Narcotics, and the El Dorado County Sheriff, executed a valid search warrant on Plaintiff's home.  According to the Complaint, both Plaintiff, then fourteen years old, and his mother cooperated with the officers.  Plaintiff contends that despite their cooperation, the officers pointed guns at them and kept them detained in handcuffs for approximately three hours. Plaintiff alleges that he was severely traumatized by these events, and he timely commenced the present action about a year after he turned eighteen on June 10, 2005.

Plaintiff filed his complaint on June 8, 2006, naming Does 1-20 as fictitious defendants.  Plaintiff indicated that he was ignorant of the true names of those defendants and would amend his Complaint when he ascertained their names.

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

According to Plaintiff's Motion to Amend, he learned the names of the officers on May 2, 2007, after Defendants responded to discovery requests.  Plaintiff filed this Motion to Amend on June 6, 2007, along with a proposed First Amended Complaint which includes the newly-named Defendants as parties to this litigation.

**STANDARD**

Leave to amend "shall be freely given when justice so requires."  Fed. R. Civ. Pro. 15(a).  Bad faith, undue delay, prejudice to the opposing party, and futility of the amendment are factors the court examines when ruling on a motion to amend.  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).  Rule 15(a) motions are granted liberally and do not depend on whether the amendment is adding claims or parties.  *Id.*  However, when the amendment seeks to add a new party the court must avoid prejudice to the new party.  *Id.*

**ANALYSIS**

Plaintiff seeks to replace the fictitious Doe defendants with sixteen law enforcement officers, whose names Plaintiff recently learned.  Plaintiff had stated in his Complaint that he was unaware of the names of the officers who conducted the raid on Plaintiff's home in 2001.  Plaintiff was a minor at that time and there is no indication that Plaintiff has had access to all of these names throughout the course of this case.

1 Plaintiff filed the Motion to Amend soon after learning the
2 officers' identities.  Thus, there is no evidence of any bad
3 faith or undue delay on the part of the Plaintiff.
4     Defendant Ashworth argues that adding the parties will be
5 prejudicial because government attorneys will have to represent
6 some of the newly-named Defendants, all of the new Defendants
7 will likely be deposed, and Plaintiff and Mr. Ashworth will have
8 to be re-deposed.
9     These arguments put forth by Defendants are not sufficient
10 to warrant denying Plaintiff's motion.  The fact that additional
11 parties will need representation and will be deposed is not in
12 itself unduly prejudicial.  Under the current Pretrial Scheduling
13 Order, the parties have over four months to take depositions and
14 the trial is set for more than a year away.
15     Defendants further argue that leave to amend should be
16 denied because there is no viable claim against the newly-named
17 Defendants.  Defendants characterize Plaintiff's allegations as
18 holding the officers liable merely because of their presence at
19 the scene.  Plaintiff, on the other hand, argues that the
20 individual defendants are liable for their affirmative acts in
21 violating his civil rights, not merely for their presence at the
22 scene.
23     Plaintiff's proposed amended complaint adds seven of the
24 newly-named Defendants to the charge of violating 42 U.S.C.
25 § 1983.  Plaintiff also alleges that his Fourth Amendment rights
26 were violated by the remaining nine newly-named Defendants.
27 These allegations against the newly-named Defendants mirror the
28 original allegations against Defendant Ashworth.

1  This Court has previously rejected Defendants' arguments that the
2  claims have no merit.  Plaintiff alleges that all of the
3  Defendants violated his rights by using excessive force and
4  needlessly detaining him for three hours, not as Defendant
5  Ashworth contends, by merely being present on the scene.
6  Accordingly, the factors of futility, prejudice, undue delay, and
7  bad faith weigh in favor of the Plaintiff and the Motion to Amend
8  is GRANTED.

9       In addition to taking issue with the merits of Plaintiff's
10 request to add the newly-named Defendants, Defendants contend
11 that Plaintiff cannot continue to maintain Does 1-20 as
12 fictitious defendants in his First Amended Complaint while
13 simultaneously including sixteen new defendants whose identity
14 had previously been unknown.  Defendants hence object to
15 Plaintiff's attempt to add new defendants rather than replace the
16 previously named Doe defendants.

17      The Court agrees that the new parties constitute the
18 previously named fictitious defendants.  Plaintiff clearly
19 indicated, in the Notice of Motion to Amend, that he was amending
20 the Complaint to add the true names of the defendant officers
21 previously referred to as Doe defendants.  Since Plaintiff has
22 now named sixteen of those Does, he can only maintain Does 17-20
23 as fictitious defendants in his First Amended Complaint.
24 ///
25 ///
26 ///
27 ///
28 ///

**CONCLUSION**

For the reasons set forth above, Plaintiff's Motion to Amend is GRANTED. The amended complaint may add the sixteen law enforcement officers and continue to name Does 17-20 as defendants. Plaintiff is directed to file his First Amended Complaint not later than ten (10) days following the date of this Order.

IT IS SO ORDERED.

Dated: August 21, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

6