UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GEOFFREY A. SCHAFER,

       Plaintiff,

  v.

JOE BROCK, BRIAN KEEFE, GLEN KLAGES, JOE LENSEIGNE, JEFF NEIMAN, JOHN NOLAN, ARTEMIS PAPADAKIS, RAY RODRIGUEZ, GORDON TAYLOR, BOB ASHWORTH, MIKE COOK, JEFF DREYER, HOWARD JENKS, TOM MURDOCK, MIKE SYLVESTRI, COUNTY OF EL DORADO, TOM BECKER, KEN BROWN, DOES 1 THROUGH 20,

       Defendants.

No. 2:06-cv-1259-MCE-DAD

MEMORANDUM AND ORDER

----oo0oo----

    Through the present action, Plaintiff Geoffrey A. Schafer ("Plaintiff") alleges that Defendants violated his civil rights in the course of executing a search warrant. Specifically, Plaintiff brings claims of excessive force and unlawful seizure and arrest.

1

Now before this Court is Defendants' Motion for Summary Judgment on all claims as to Defendants Bob Ashworth ("Ashworth") and the County of El Dorado ("County") (collectively "Defendants"). Also before this Court is Plaintiff's Motion to Suspend Hearing on Defendants' Motion for Summary Judgment (hereinafter "Plaintiff's Rule 56(f) Motion"), which Plaintiff filed in response to Defendants' Motion on grounds that additional discovery is needed before any opposition can be properly formulated. For the reasons set forth below, Plaintiff's Rule 56(f) Motion is GRANTED and Defendants' Motion for Summary Judgment is DENIED without prejudice as premature.[1]

**BACKGROUND**

On September 28, 2001, law enforcement officers from the United States Drug Enforcement Agency, the California Bureau of Narcotics, and the El Dorado County Sheriff, executed a valid search warrant on Plaintiff's home. According to the Complaint, both Plaintiff, then 14 years old, and his mother cooperated with the officers. Plaintiff contends that despite their cooperation, the officers pointed guns at them and kept them detained in handcuffs for approximately three hours. Plaintiff alleges that he was severely traumatized by these events, and he timely commenced the present action about a year after he turned eighteen on June 10, 2005.

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

2

Plaintiff filed his original complaint on June 8, 2006, naming Does 1-20 as fictitious defendants. Plaintiff indicated that he was ignorant of the true names of those defendants and would amend his Complaint when he ascertained their names.

Plaintiff filed a motion to amend his complaint on June 6, 2007, and an amended motion two days later. According to that motion, he learned the names of the officers on May 2, 2007, after Defendants responded to discovery requests. Plaintiff's motion was filed with a proposed First Amended Complaint which included the newly-named Defendants as parties to this litigation.

While Plaintiff's Motion to Amend was pending, Defendants filed a Motion for Summary Judgment. In response to that Motion and in lieu of any formal opposition, Plaintiff filed a Motion to Suspend Hearing on Defendants' Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(f) on grounds that additional discovery was required. This Court subsequently granted Plaintiff's Motion to Amend. Plaintiff's First Amended Complaint was filed on August 21, 2007.

**STANDARD**

Rule 56(f) provides for continuance of a summary judgment motion as follows:

> **(f) When Affidavits are Unavailable.** Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

3

1  Fed. R. Civ. P. 56(f).  "A district court should continue a
2  summary judgment upon a good faith showing by affidavit that the
3  continuance is needed to obtain facts essential to preclude
4  summary judgment."  Weinberg v. Whatcom County, 241 F.3d 746, 750
5  (9th Cir. 2001) (citing California v. Campbell, 138 F.3d 772, 779
6  (9th Cir. 1998)).  Parties seeking a continuance must show: "(1)
7  that they have set forth in affidavit form the specific facts
8  that they hope to elicit from further discovery, (2) that the
9  facts sought exist, and (3) that these sought-after facts are
10 'essential' to resist the summary judgment motion."  Campbell,
11 138 F.3d at 779.
12      Rule 56(f) confers on the court discretion to order that
13 additional discovery be completed before to summary judgment, or
14 to "make such order as is just" to "protect parties from a
15 premature grant of summary judgment."  Weinberg, 241 F.3d at 750.
16 Although Fed. R. Civ. P. 56(b) allows a defending party to move
17 "at any time" for summary judgment in its favor, "'continuance of
18 a motion for summary judgment for purposes of discovery should be
19 granted almost as a matter of course.'"  Burlington Northern
20 Santa FE R.R. Co. v. Assiniboine and Sioux Tribes of the Fort
21 Peck Reservation, 323 F.3d 767, 773-774 (9th Cir. 2003) (quoting
22 Wichita Falls Office Assoc. v. Banc One Corp., 978 F.2d 915, 919
23 n.4 (5th Cir. 1992)).
24 ///
25 ///
26 ///
27 ///
28 ///

## ANALYSIS

Plaintiff begins his Rule 56(f) motion by noting that, as of the date of its filing, August 10, 2007, nearly five months remain for discovery, nearly ten months for filing dispositive motions, and more than a year for trial.  Plaintiff then argues that further discovery is needed to determine the full extent of the involvement of Defendants Ashworth and County in the execution of the search warrant, and that further discovery has not yet been conducted due to the previous unavailability of the newly discovered defendant identities.

In his deposition, Ashworth testified that he was the "point person" for the El Dorado County Sheriff, that he organized the team members who participated in the raid, and that he supervised the conduct of those officers.  Also, Plaintiff has not yet been able to identify which of the officers pointed guns at his head, despite attempts to do so through discovery.  Further, although acknowledging that they handcuffed Plaintiff, the seizing officers did not describe the length of time during which Plaintiff was handcuffed.  Plaintiff asserts that obtaining discovery from the officers who conducted the seizure of Plaintiff will enable him to show that Ashworth and the County are in fact liable both on the excessive force and unreasonable seizure claims, and thus that summary judgment should not be entered in their favor.

///

///

///

The Court agrees that this discovery appears directly related to formulating Plaintiff's opposition.  In light of the Court's conclusion that additional discovery is appropriate to allow Plaintiff to obtain facts essential to opposing summary judgment, and based upon the amount of time remaining for discovery, Defendants' Motion for Summary Judgment is premature.

**CONCLUSION**

For the reasons set forth above, Plaintiff's Rule 56(f) Motion is GRANTED and Defendants' Motion for Summary Judgment is DENIED without prejudice as premature.

IT IS SO ORDERED.

Dated: October 31, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE