1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 EASTERN DISTRICT OF CALIFORNIA

10

11   GEOFFREY A. SCHAFER,              No. 2:06-cv-1259-MCE-DAD

12           Plaintiff,

13      v.                            MEMORANDUM AND ORDER

14   BOB ASHWORTH, COUNTY OF EL
     DORADO, JOE BROCK, BRIAN
15   KEEFE, GLEN KLAGES, JOE
     LENSEIGNE, JEFF NEIMAN, JOHN
16   NOLAN, ARTEMIS PAPADAKIS, RAY
     RODRIGUEZ, GORDON TAYLOR, MIKE
17   COOK, JEFF DREYER, HOWARD
     JENKS, TOM MURDOCK, MIKE
18   SYLVESTRI, TOM BECKER, KEN
     BROWN, DOES 1 THROUGH 20,
19
             Defendants.
20

21
                         ----oo0oo----
22

23

24      Through the present motion, Plaintiff Geoffrey A. Schafer

25   ("Plaintiff") seeks to modify the Court's June 21, 2007 Amended

26   Pretrial Scheduling Order in this case by extending the time in

27   which the parties may complete discovery.

28   ///

                                 1

1   For the reasons set forth below, Plaintiff's Motion will be
2   GRANTED.[1]

3

4                               **BACKGROUND**

5

6       On September 28, 2001, law enforcement officers from the
7   United States Drug Enforcement Agency, the California Bureau of
8   Narcotics, and the El Dorado County Sheriff, executed a valid
9   search warrant on Plaintiff's home.  According to the Complaint,
10  both Plaintiff, then fourteen years old, and his mother
11  cooperated with the officers.  Plaintiff contends that despite
12  their cooperation, the officers pointed guns at them and kept
13  them detained in handcuffs for approximately three hours.
14  Plaintiff alleges that he was severely traumatized by these
15  events, and he timely commenced the present action about a year
16  after he turned eighteen on June 10, 2005.
17      Plaintiff filed his complaint on June 8, 2006, naming Does
18  1-20 as fictitious defendants.  Plaintiff claims he was ignorant
19  of the true names of officers who participated in the
20  aforementioned September 28, 2001 raid at the time his lawsuit
21  was instituted.  On June 6, 2007, however, after ascertaining the
22  identity of sixteen such officers through discovery responses, he
23  filed a Motion to Amend to include those officers as additional
24  defendants in this litigation.  That Motion was granted by the
25  Court on August 21, 2007.

26

27          [1] Because oral argument will not be of material assistance,
    the Court orders this matter submitted on the briefs.  E.D. Cal.
28  Local Rule 78-230(h).

                                    2

1     Inasmuch as attorney Franklin Gumpert already represented
2  the County of El Dorado and El Dorado County Deputy Sheriff Bob
3  Ashworth, Mr. Gumpert accepted service on behalf of the six
4  additional El Dorado County officers newly named as Defendants
5  and filed an answer on their behalf on October 12, 2007.
6  Assistant United States Attorney Yoshinori H.T. Himel did not
7  agree to waive service on behalf of the nine federal defendants
8  until October 30, 2007. In addition, Mr. Himel indicated he would
9  not be filing a responsive pleading for sixty days pursuant to
10 Federal Rule of Civil Procedure 12(a)(3)(B), which allows
11 additional time for an individually named federal defendant to
12 appear.  Finally, with respect to Ken Brown, the one state-
13 affiliated additional Defendant, Deputy Attorney General Alberto
14 Gonzalez has agreed to file a responsive pleading on Defendant
15 Brown's behalf by December 17, 2007.

16     Plaintiff filed the present Motion to Modify the Amended
17 Pretrial Scheduling Order because the Order specifies a discovery
18 cutoff of December 18, 2007 which will not permit meaningful
19 discovery from the newly-named Defendants.  Although attorney
20 Himel indicated he would not oppose a discovery extension,
21 counsel for the El Dorado County and State of California
22 defendants refused to stipulate to the extension.

23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

3

1

**STANDARD**

2

3     Once a district court has filed a pretrial scheduling order

4 pursuant to Federal Rule of Civil Procedure 16,[2] that Rule's

5 standards control.  <u>Johnson v. Mammoth Recreations, Inc</u>., 975

6 F.2d 604, 607-08 (9th Cir. 1992).  Prior to the final pretrial

7 conference, which the Court has set for June 20, 2008, a court

8 may modify a status order upon a showing of "good cause."  <u>See</u>

9 Fed. R. Civ. P. 16(b).

10     "Unlike Rule 15(a)'s liberal amendment policy which focuses

11 on the bad faith of the party seeking to interpose an amendment

12 and the prejudice to the opposing party, Rule 16(b)'s 'good

13 cause' standard primarily considers the diligence of the party

14 seeking the amendment."  <u>Johnson</u>, 975 F.2d at 609.  In explaining

15 this standard, the Ninth Circuit has stated that:

16     [a] district court may modify the pretrial schedule 'if
        it cannot reasonably be met despite the diligence of
17      the party seeking the extension.'  Moreover,
        carelessness is not compatible with a finding of
18      diligence and offers no reason for granting of relief.
        Although the existence or degree of prejudice to the
19      party opposing the modification might supply additional
        reasons to deny a motion, the focus of the inquiry is
20      upon the moving party's reasons for seeking
        modification.  If that party was not diligent, the
21      inquiry should end.

22 <u>Id</u>. (citations omitted).

23 ///

24 ///

25 ///

26 ///

27

28     [2] Unless otherwise stated, all references to "Rule" or
"Rules" refer to the Federal Rules of Civil Procedure.

4

**ANALYSIS**

Plaintiff filed his First Amended Complaint on August 21, 2007, the same day he was permitted to do so by Court order.  He initiated attempt to serve all sixteen additional defendants within approximately thirty days.  There is no evidence that Plaintiff has been anything less than diligent in that regard.

Given the fact that the current discovery deadline expired less than four months after Plaintiff was permitted to add sixteen new defendants to this lawsuit, and recognizing that said four-month period necessarily encompassed the time both to locate the defendants and effectuate service, maintaining the current discovery cutoff of December 18, 2007 is insufficient to permit meaningful discovery involving the new defendants.  Good cause has accordingly been demonstrated for an extension of the discovery deadline beyond December 18, 2007.

While Plaintiff has requested an extension of discovery until four months after a ruling has been made on the Federal Defendant's anticipated Rule 12(b)(6) Motion to Dismiss, adopting that suggestion would result in a virtually open-ended discovery deadline without any firm date for scheduling purposes. Consequently the Court will instead extend the discovery deadline for a period of six (6) months.

///
///
///
///
///

1

**CONCLUSION**

2

3     Based on the foregoing, Plaintiff's Motion to Modify the

4 Amended Pretrial Scheduling Order is GRANTED.   The discovery

5 deadline is hereby extended to June 18, 2008.   A Second Amended

6 Pretrial Scheduling Order will be forthcoming in which the dates,

7 including the dates for the Final Pretrial Conference and trial

8 itself, will be adjusted accordingly.

9     IT IS SO ORDERED.

10

Dated: December 11, 2007

11

12

13

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28